IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN DERUCHIA**, Individually and For Others Similarly Situated,<br>        **Plaintiff,**<br><br>        v.<br><br>**ALCOA USA CORP.**,<br>        **Defendant.** | Case No. 2:25-cv-00037-MPK |

### DEFENDANT ALCOA USA CORP.'S MOTION
### FOR JUDGMENT ON THE PLEADINGS

Defendant Alcoa USA Corp. ("Alcoa") moves this Court to enter judgment on the pleadings in favor of Alcoa and to dismiss Counts I and II of Plaintiff Alan Deruchia's Amended Class and Collective Action Complaint (the "Complaint") with prejudice to the extent they are based on claims that Alcoa unlawfully failed to properly calculate Deruchia's regular rate of pay, and also Counts III and IV in their entirety.  In support of its motion, Alcoa states as follows:

1. Deruchia contends in his Complaint that Alcoa violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by excluding certain renumeration, described as "non-discretionary bonuses, including performance and attendance bonuses", as well as other compensation (such as meal allowances) from his "regular rates of pay for overtime purposes."

2. Deruchia never received any attendance bonuses during the limitations period that he contends applies to this action.  Thus, there was no renumeration of that type to include in Deruchia's regular rate of pay.

3. Deruchia received quarterly Performance Pay pursuant to the terms set forth in the collective bargaining agreements between Alcoa and Deruchia's union, which set forth the terms

and conditions of Deruchia's employment with Alcoa between 2014 and his November 2024 retirement. *See*, *e.g.*, Alcoa USA Corp.'s Amended Answer and Affirmative and Other Defenses (Dkt. 45, the "Answer") at Ex. C, pp. 75-81, also attached here at Tab A (specific Performance Pay terms from 2014 CBA).

4. Those collective bargaining agreements provide that Alcoa calculated Deruchia's individual Performance Pay by, first, dividing Deruchia's "Eligible Earnings"—a term defined to include the sum of his straight-time, overtime, and other wages—by the total Eligible Earnings of all employees eligible to receive Performance Pay; and then second, using that percentage to determine Deruchia's share of the total amount allocated for Performance Pay in a given quarter. *See* Answer at Ex. C, pp. 75-81. This calculation method results in a "true bonus based on a percentage of total wages" because it "increases both straight time and overtime wages by the same percentage, and thereby includes proper overtime compensation as an arithmetic fact" and without the need for additional recalculation of overtime wages. 29 C.F.R. § 778.503. Thus, Alcoa did account for Deruchia's Performance Pay for purposes of the regular rate calculation.

5. Deruchia also received lump-sum CBA-ratification bonuses after his union ratified successor collective bargaining agreements with Alcoa in 2019 and 2023. Answer at Exs. E and F.

6. The law of this Circuit provides that ratification bonuses are excluded from an employee's regular rate pursuant to 29 U.S.C. § 207(e)(2) because they are "payments to an employee which are not made as compensation for his hours of employment." *See Minizza v. Stone Container Corp. Corrugated Container Div. E. Plant*, 842 F.2d 1456 (3d Cir. 1988). Alcoa therefore properly excluded ratification bonuses from Deruchia's regular rate calculation.

7.    Alcoa correctly excluded from Deruchia's regular rate all meal allowances, which are reasonable payments for expenses incurred by an employee in the furtherance of his employer's interests. *See* 29 U.S.C. § 207(e)(2); *see also* 29 C.F.R. § 778.217(b)(4) (excluding "'Supper money', a reasonable amount given to an employee, who ordinarily works the day shift and can ordinarily return home for supper, to cover the cost of supper when he is requested by his employer to continue work").

8.    Alcoa correctly excluded from Deruchia's regular rate a one-time $300 payment made in February 2021 "for outstanding team performance in 2020," which was a discretionary reward.

9.    The pleadings (including attachments thereto) demonstrate that Alcoa correctly accounted for all renumeration in calculating Deruchia's regular rate.  Deruchia's regular-rate claims arising under the FLSA and NYLL therefore fail as a matter of law, and the Court should enter judgment for Alcoa.

10.    Further, the Court should enter judgment for Alcoa on Deruchia's claims under the NYLL for alleged failures to provide accurate itemized wage statements (Count III) and wage notices (Count IV).

11.    Deruchia lacks standing to pursue statutory damages for purported wage-statement deficiencies because he cannot plausibly allege any concrete downstream harm, as is required.

12.    Deruchia's wage notice claim fails because NYLL § 195(1)'s wage notice requirement applies only to employees hired after its effective date in 2009—more than three decades after Deruchia began working for Alcoa on March 27, 1993.

13.    Accordingly, the Court also should enter judgment for Alcoa on Deruchia's NYLL notice and wage-statement claims.

14. In support of its Motion, Alcoa attaches as Tab A those pay records, originally filed as part of Exhibit D to Alcoa's Answer, reflecting Deruchia's receipt of Performance Pay and ratification bonuses.

For these reasons, together with those set forth in the contemporaneously filed brief, Alcoa requests that the Court grant its Motion for Judgment on the Pleadings and dismiss Deruchia's regular-rate claims arising under the FLSA and NYLL and his wage-statement and wage-notice claims arising under the NYLL.

| | |
|---|---|
| Dated: February 13, 2026 | */s/ James S. Urban* <br> James S. Urban (PA ID No. 82019) <br> Katherine J. McLay (PA ID No. 320191) <br> JONES DAY <br> 500 Grant Street, Suite 4500 <br> Pittsburgh, Pennsylvania 15219 <br> T:412-391-3939 <br> jsurban@jonesday.com <br> kmclay@jonesday.com <br><br> *Counsel for Defendant Alcoa USA Corp.* |